UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:17-cr-158 |
| Plaintiff, | |
| vs. | JUDGE |
| | INDICTMENT |
| JEREMIAH ARMSTRONG | 18 U.S.C. §§ 2252(a)(2) and (b)(1) |
| Defendant. | 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) |
| | FORFEITURE |

**THE GRAND JURY CHARGES:**

## COUNT 1

On or about July 30, 2016, in the Southern District of Ohio, the defendant, **JEREMIAH ARMSTRONG**, did knowingly receive any visual depiction using any means and facility of interstate and foreign commerce, and which visual depiction had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which have been shipped and transported in and affecting interstate commerce, by any means including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

**In violation of Title 18, United States Code, Sections 2252(a)(2) & (b)(1).**

## COUNT 2

On or about August 6, 2016, in the Southern District of Ohio, the defendant, **JEREMIAH ARMSTRONG**, did knowingly receive any visual depiction using any means and

facility of interstate and foreign commerce, and which visual depiction had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which have been shipped and transported in and affecting interstate commerce, by any means including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

**In violation of Title 18, United States Code, Sections 2252(a)(2) & (b)(1).**

## COUNT 3

On or about August 14, 2016, in the Southern District of Ohio, the defendant, **JEREMIAH ARMSTRONG**, did knowingly receive any visual depiction using any means and facility of interstate and foreign commerce, and which visual depiction had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which have been shipped and transported in and affecting interstate commerce, by any means including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

**In violation of Title 18, United States Code, Sections 2252(a)(2) & (b)(1).**

## COUNT 4

On or about December 13, 2016, in the Southern District of Ohio, the defendant, **JEREMIAH ARMSTRONG**, did knowingly possess one or more matters which contain visual depictions that have been shipped and transported in and affecting interstate and foreign commerce, and which visual depictions were produced using materials which have been shipped and transported in and affecting interstate and foreign commerce, by any means including by computer. The production of such visual depictions involved the use of one or more minors,

prepubescent minors, and minors who had not attained 12 years of age, engaging in sexually explicit conduct, and the visual depictions are of such conduct.

**In violation of Title 18, United States Code, Sections 2252 (a)(4)(B) & 2252(b)(2).**

## FORFEITURE ALLEGATION

Upon conviction of any offense alleged in Counts 1, 2, 3 and/or 4 of this Indictment, the defendant, **JEREMIAH ARMSTRONG**, shall forfeit to the United States pursuant to 18 U.S.C. § 2253(a): (1) any visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Chapter 110 of Title 18 of the United States Code, or any book, magazine, periodical, film, videotape or other matter which contains any such visual depiction which was produced, transported, mailed, shipped, or received in violation of Chapter 110 of Title 18 of the United States Code, (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense and any property traceable to such property, including, but not limited to, the following:

a. Toshiba external hard drive, serial number 947OPB54T64A, 1 TB;

b. WD external hard drive, serial number WCAUF2374151;

c. Custom desktop computer in clear case;

d. Samsung cellular telephone, Model SM-G530T, serial number R28GA0NJ88P.

3

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) to seek forfeiture of any other property of the defendant, up to the value of the property described above.

A TRUE BILL

/s/ Signed
FOREPERSON

BENJAMIN C. GLASSMAN
UNITED STATES ATTORNEY

SAMEE HARDEN, (DC 1005658)
Assistant United States Attorney